UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHRISTOPHER A. PEAK,

        Plaintiff,                                Case. No. 18-11143

v.                                                        Honorable Thomas L. Ludington
                                                            Magistrate Judge David R. Grand

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

**ORDER ADOPTING REPORT & RECOMMENDATION, DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND REMANDING CASE**

Plaintiff seeks judicial review of the denial of his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Plaintiff worked in sales for an auto parts retailer, but stopped working in April 2015 because of back pain, neck pain, and headaches. (Tr. 39, 43, 196). He now alleges disability primarily as a result of these conditions. (Tr. 38-39, 190). After Peak's applications for DIB and SSI were denied at the initial level (Tr. 77-93), he timely requested an administrative hearing, which was held on April 11, 2017, before ALJ Timothy Christensen (Tr. 33-54). Peak, who was represented by Dannelly Smith, testified at the hearing, as did vocational expert Scott Silver. (*Id.*). On August 9, 2017, the ALJ issued a written decision finding that Peak is not disabled under the Social Security Act. (Tr. 20-28). On January 29, 2018, the Appeals Council denied review. (Tr. 1-5).

Peak timely filed for judicial review of the final decision on April 10, 2018. (Doc. #1). The matter was referred to Magistrate Judge David R. Grand. (Doc. #4). On September 16, 2018, Peak filed a motion for summary judgment. (Doc. #19). On November 14, 2018, the

Commissioner filed a motion for summary judgment. (Doc. #21). On May 23, 2019, Judge Grand issued a report, recommending that Plaintiff's motion for summary judgment be granted in part to the extent it seeks remand, that Plaintiff's motion should be denied in part to the extent it seeks an award of benefits, that Defendant's motion for summary judgment be denied, and that the complaint be remanded to the ALJ for further proceedings. (Doc. #26).

## I.

Judge Grand summarizes the ALJ's conclusions as follows:

> Following this five-step sequential analysis, the ALJ found that Peak is not disabled under the Act. At Step One, the ALJ found that Peak has not engaged in substantial gainful activity since the alleged onset date. (Tr. 22). At Step Two, the ALJ found that he has the severe impairment of degenerative disc disease. (*Id.*). At Step Three, the ALJ found that Peak's impairments, whether considered alone or in combination, do not meet or medically equal a listed impairment. (Tr. 23).
>
> The ALJ then assessed Peak's residual functional capacity ("RFC"), concluding that he is capable of performing sedentary work, with the following additional limitations: requires a sit/stand option, which by exercising he would be off task less than 10% of any given workday; occasional postural activities, but no climbing of ladders, ropes, or scaffolds; frequent bilateral reaching; must avoid even moderate exposure to vibrations and hazards; and, due to pain, would be limited to unskilled work that could be learned by demonstration in 30 days or less. (Tr. 23- 24).
>
> At Step Four, the ALJ found that Peak is not capable of performing any of his past relevant work. (Tr. 27). At Step Five, the ALJ determined, based in part on testimony provided by the vocational expert in response to hypothetical questions, that Peak is capable of performing the jobs of order clerk (212,000 jobs nationally), addresser (104,000 jobs), and stuffer (71,000 jobs). (Tr. 28). As a result, the ALJ concluded that Peak is not disabled under the Act. (*Id.*).

*Id.* at PageID.620-621.

Judge Grand determined that the ALJ's Step Three finding was not supported by substantial evidence. (*Id.* at PageID.623). The ALJ found that Peak "does not have an impairment or combination of impairment that meets or medically equals" a listed impairment. (Tr. 23). However, to support this conclusion the ALJ only stated:

> The claimant's musculoskeletal impairments do not meet listing-level severity. There is no evidence of neuro-anatomic distribution of pain, limitation of motion of the lower back, motor loss accompanied by sensory or reflex loss, or positive straight leg raising in both sitting and supine positions so as to meet the criteria of Listing 1.04.

*Id.* Listing 1.04(A) provides:

> Evidence of nerve root compression characterized by neuroanatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

20 C.F.R. Pt. 404, Subpt. P., App. 1, Listing 1.04(A)

Judge Grand disagreed with the ALJ and determined that "thorough consideration of the medical evidence seriously undermines the ALJ's conclusion that Peak does not medically equal Listing 1.04(A)." (Doc. #26 at PageID.624-625) He then summarized the findings of multiple health professionals who had examined Peak. (*Id.* at PageID.625-627). Judge Grand concluded that "Given all of this medical evidence, and considering the requirements of Listing 1.04(A), the Court cannot find that substantial evidence supports the ALJ's perfunctory conclusion that Peak does not medically equal this Listing." (Doc. #26 at PageID.627).

Judge Grand also concluded that the "ALJ also ignores significant evidence of nerve root compression in the record." (*Id.*). He then summarized medical findings indicating that Peak suffered from nerve root compression. (*Id.* at PageID.627-630).

He concluded his report as follows:

> While the Court acknowledges that the evidence discussed above does not overwhelmingly demonstrate that Peak medically equals Listing 1.04(A), the problem is that the ALJ's Step Three analysis consists of nothing more than a conclusory sentence that parrots back the requirements of the Listing, without any actual comparison of the relevant evidence to those requirements. (Tr. 23). As set forth above, Peak's 2016 MRIs – the results of which the ALJ failed to discuss in any real fashion – demonstrate significant herniations in both his lumbar and cervical spines. These objective findings, combined with symptoms noted in both

> the upper and lower extremities, certainly suggest that more thorough consideration should have been given to the issue of medical equivalence. Had the ALJ engaged in such analysis, he at least arguably could have determined that Peak medically equals Listing 1.04(A). As such, remand is required.

(*Id.* at PageID.630).

## II.

Although the magistrate judge's report explicitly states that the parties to this action could object to and seek review of the recommendation within fourteen days of service of the report, neither party has filed any objections. The election not to file objections to the magistrate judge's report releases the Court from its duty to independently review the record. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). The failure to file objections to the report and recommendation waives any further right to appeal. *Id.*

## III.

Accordingly, it is **ORDERED** that the Judge Grand's report and recommendation, Doc. #26, is **ADOPTED**.

It is further **ORDERED** that Defendant's Motion for Summary Judgment, Doc. #21, is **DENIED**.

It is further **ORDERED** that Plaintiff's Motion for Summary Judgment, Doc. #19, is **GRANTED IN PART** to the extent it seeks remand and **DENIED IN PART** to the extent it seeks an award of benefits.

It is further **ORDERED** that the case is **REMANDED** to the ALJ for further proceedings consistent with this order and Judge Grand's Report and Recommendation.

Dated: June 10, 2019

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge